[Civ. No. 2019.   Second Appellate District.—April 3, 1917.]

FRED MEDART MANUFACTURING COMPANY (a Corporation), Appellant, v. WEARY & ALFORD COMPANY (a Corporation), Respondent.

SALE—PAYMENT TO AGENT—ESTOPPEL OF VENDOR.—A vendor of personal property is estopped from claiming that its local sales agent was without authority to receive payment for goods sold by him, on the ground that his authority was limited to the making of sales, where the vendor was notified by the buyer of the latter's intention to make payment to the agent and no objection was raised thereto.

Id.—Principal and Agent—Sale of Personal Property—Lack of Possession—Want of Authority to Receive Price.—An agent merely for the sale of personal property, not having possession thereof, is not vested with authority to bind his principal by collection of the purchase price.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke, for Appellant.

Gerald Pidge, and Ralph F. Twombly, for Respondent.

JAMES, J.—Suit was brought to recover the sum of $411.64 alleged to be due and owing to the plaintiff from the defendant on account of the sale of certain merchandise.  Judgment was in favor of defendant.  The appeal is from the judgment and is presented upon the judgment-roll and a bill of exceptions.

Plaintiff at times material to the controversy was engaged in the city of St. Louis, Missouri, in manufacturing steel office furniture of certain particular varieties.  J. M. Bloom was an agent of the plaintiff in the city of Los Angeles.  In July, 1913, he quoted to the defendant prices on certain articles of metal furniture.  In the letter containing the quotations he stated: "The lockers are made by the Fred Medart Mfg. Co. of St. Louis, for which I am California agent." The offer made by Bloom was accepted by the defendant and the articles of merchandise were thereafter delivered, being billed directly from the plaintiff manufacturing company to the defendant.  On December 24, 1913, the plaintiff wrote to the defendant advising the latter that a draft drawn to cover a portion of the purchase price of the merchandise had been returned with the notification from the collecting bank that the drawee was "paying their local agent."  The letter also contained the following: "Up to this writing, we have not received the remittance through our local agent and are to-day taking this matter up with him."  On January 6th the plaintiff wrote to defendant as follows: "We have not received this remittance, and we again take this matter up

with you and ask that you kindly advise us immediately upon receipt of this letter if you have paid any money to Mr. J. M. Bloom. P. S. · If you have not paid this account to Mr. Bloom, kindly mail us check." On January 15th the defendant wrote to the plaintiff acknowledging receipt of the letter of January 6th, and stating to the plaintiff that settlement had been delayed, but that as soon as the goods had been satisfactorily installed, "we will settle in full with Mr. Bloom." It appears to be agreed that full settlement was thereafter made with Bloom, the agent, subsequent to which time defendant received notification from the plaintiff that Bloom was not authorized to accept the payment on its behalf. This suit was prosecuted on the same theory. The trial judge by his findings determined that the merchandise in question was purchased from Bloom and not from the plaintiff, and that Bloom had been fully paid therefor. In view of the fact, as shown by the evidence, that Bloom in his first letter to the defendant gave notice that he was acting as agent for the plaintiff, and also as the merchandise was billed directly from the plaintiff to the defendant, and correspondence was had showing at all times that plaintiff was the principal of Bloom, it must properly be said that the finding referred to is not supported by the evidence. However that may be, the court did find that Bloom received payment in full for the merchandise. This brings us to the question as to whether, assuming that an agency only existed between plaintiff and Bloom, Bloom possessed authority to bind the plaintiff by receipt of the purchase price agreed upon. The rule is of long standing that an agent for the sale of personal property merely, not having possession thereof, is not thereby vested with authority to bind his principal by collection of the purchase price. Our Civil Code, section 2325, provides: "A general agent to sell, who is intrusted by the principal with the possession of the thing sold, has authority to receive the price." Herein the authority of a factor having possession of goods and a mere sales agent without possession, differs. But conceding that Bloom had no authority under his contract of agency to collect the proceeds on the sale of the merchandise furnished by the plaintiff, we think that under the facts here shown there was created for such purpose an agency by estoppel; that is, that the failure of the plaintiff to notify the defendant of the limitation on the agent's authority closed

its mouth against any claim denying that such authority existed. The plaintiff was first advised by letter and by the return of their draft, of defendant's intention to pay Bloom and did not object thereto, but stated to the defendant that they were taking the matter up with Bloom in order to secure the remittance. The next letter written by the defendant to plaintiff again advised plaintiff of the intention of defendant to settle in full with Bloom, which the defendant did. After all the money had been paid, for the first time the defendant is advised that no authority existed in Bloom to make collections on behalf of the plaintiff. We are well satisfied that the payment to Bloom under such circumstances discharged the debt to the plaintiff. (See Mechem on Agency, 2d ed., sec. 932 et seq.)

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.